MATTER OF L—

In DEPORTATION Proceedings

A-11769123

*Decided by Board September 22, 1960*

Presumption of lawful admission—8 CFR 101.1(i) (formerly 4.2(j))—Not available where admission prior to December 24, 1952, was that of an unskilled contract laborer.

Where original entry into Guam occurring prior to December 24, 1952, was as a contract laborer, Philippine national's subsequent admission in 1954 as a skilled worker does not gain him benefit of presumption of lawful admission for permanent residence under 8 CFR 101.1(i), formerly 8 CFR 4.2(j).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant temporary laborer, remained longer.

BEFORE THE BOARD

DISCUSSION: Respondent is 30 years old, an unmarried male alien, a native and national of the Republic of the Philippines. Respondent's last entry into the United States was at Agana, Guam, on November 24, 1954, at which time he was admitted as a nonimmigrant worker, authorized to remain in the United States until March 31, 1959. The special inquiry officer found respondent deportable on the above-stated charge and granted voluntary departure in lieu of deportation. Respondent appeals to the Board.

Counsel seeks to bring this case within the rule of *Matter of C—Y—L—*, 8—371, wherein the Board decided that certain alien workers admitted to Guam prior to the passage of the Immigration and Nationality Act were not contract laborers and were entitled to the "presumption of lawful admission" contained in 8 CFR 4.2(j),[1]

---

[1] 8 CFR 4.2(j), as promulgated December 8, 1954, effective January 3, 1955: *Presumption of lawful admission.* An alien of any of the following-described classes shall be presumed to have been lawfully admitted for permanent residence within the meaning of the Immigration and Nationality Act (even though no record of his admission can be found, except as otherwise provided in this part) unless the alien abandoned his status as a lawful permanent resident, or lost such status by operation of law, at some time subsequent to such admission: . . . (j) *Aliens admitted to Guam.* (1) An alien

as published in the Federal Register on December 8, 1954, effective January 3, 1955. In that decision we found that specific persons who were shown to have entered Guam for the purpose of doing work requiring skill and experience and supervision of other employees, who were assigned to these duties immediately or shortly after their arrival (making allowance for an adjustment period), and who received salaries several times that being paid the general laborers in the area, could not be excluded from the benefits of the presumption as "contract laborers."

Respondent entered Guam first in 1947 and worked for approximately six months as a cook's helper. His duties were then changed to that of "tireman," changing and fixing tires, and he remained in this job until 1949 or 1950 when he returned to the Philippines for a 30-day vacation. The record does not show the salary paid respondent between 1947 and his reentry in 1949 or 1950. After his reentry he was employed by Brown, Pacific, Maxon, contractors on Guam, as a blaster. He testified that he had no previous experience in the Philippines as a blaster, no supervisory duties and received no prior instruction. He did not detonate the dynamite. His duties from the time of his employment until 1953 consisted of drilling holes in rock, inserting the dynamite, and, sometimes, mixing cement. He received 32¢ an hour and a 2¢ raise every six months. In 1953 he was promoted to construction foreman.

Respondent departed from Guam on October 15, 1954, for another 30-day visit to the Philippines, and returned in November 1954. He was reemployed on his return by Brown, Pacific, Maxon. Respondent was drafted into the United States Army on August 16, 1956, and served until his honorable discharge on March 25, 1958, at which time he was returned to Guam in the status in which he had been previously admitted. Exhibit 6, Form I-94D, states that respondent "resumed contract laborer status on 4/1/58." In May 1958 he went to work for Tommy's Bakery as a delivery salesman at $130 a month, and is still employed in this capacity.

Respondent was a contract laborer at the time of his original entry and probably until 1953. His readmission as a "construction foreman" on November 24, 1954, was too late to gain him the benefit of 8 CFR 4.2(j), as originally promulgated on December 8, 1954, as that benefit depends upon admission to Guam prior to December 24, 1952 "other than as a contract laborer."

who establishes that he was admitted to Guam prior to December 24, 1952, by records, such as Service records subsequent to June 15, 1952, records of the Guamanian Immigration Service, records of the Navy or Air Force, or records of contractors of those agencies, other than as a contract laborer, was not otherwise excludable under the Act of February 5, 1917, as amended, and who continued to reside in Guam until December 24, 1952, regardless of the period of time for which admitted.

The Philippine Consul at Agana, Guam, revoked the respondent's passport on March 30, 1959. Counsel argues that the revocation was improper, unfair to respondent, and the result of an altercation between Mr. T—T—, respondent's employer, the Philippine Consul, the Department of Labor of the Republic of the Philippines, and a group of former employers of respondent. There is no allegation of wrongdong on the part of respondent in connection with this revocation, and no charge that respondent entered illegally. The revocation of respondent's passport and the matter of Mr. T—'s difficulty with various departments of the Philippine Government are not within the jurisdiction of the Board.

Respondent is ineligible for a further extension of the period for which he was admitted under section 212(a)(20) of the Immigration and Nationality Act, which provides for the exclusion of any nonimmigrant who is not in possession of a passport valid for a minimum period of six months. Under the circumstances of this record the grant of voluntary departure is correct.

ORDER: It is ordered that the appeal be dismissed and that the special inquiry officer's order of November 20, 1959, be and is hereby affirmed.