### Joaquin T. QUIJENCIO, Petitioner-Appellant,

### v.

### IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.

#### No. 74–2919.

United States Court of Appeals, Ninth Circuit.

April 30, 1976.

Rehearing Denied June 10, 1976.

Robert O. Wells, Jr. (argued), of Moriarty, Long, Mikkelborg & Broz, Seattle, Wash., for petitioner-appellant.

Lawrence W. Chamblee, Atty. (argued), Dept. of Justice, Washington, D. C., for respondent-appellee.

### OPINION

Before KOELSCH and WALLACE, Circuit Judges, and BURNS,* District Judge.

KOELSCH, Circuit Judge:

After exhausting his administrative remedies, Joaquin T. Quijencio petitions for review of a final order of deportation and decision of the Board of Immigration Appeals. The substance of his argument is that he is immune from deportation because

---

* The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

he (1) long ago qualified for presumptive permanent resident status under the former 8 C.F.R. § 4.2(j),[1] and (2) has not subsequently abandoned such status. As we are unable to accept Quijencio's first premise, we have no occasion to reach his second contention, and we affirm the board's decision.

Quijencio, a native and citizen of the Philippines, entered Guam in May, 1950, after being recruited as a civilian employee for the United States Air Force. He initially worked as a laborer, but after six months was promoted to the position of warehouseman. Thereafter, he was selected for schooling and further promoted to the position of clerk-typist, a job he held until late 1955 when it was eliminated due to a reduction in force.

Quijencio was given thirty days to find another position on Guam, but, when his efforts proved unsuccessful, he was informed by the Air Force civilian personnel officer that he was required to return to the Philippines. He did so in January, 1956, at United States government expense.

Almost thirteen years later, in December, 1968, Quijencio returned to the United States and was admitted as a nonimmigrant visitor authorized to remain until February, 1969. He remained past that date and was ordered deported, but prevented action to that end by means of private legislation introduced in Congress on his behalf. In 1972, his motion to reopen the deportation proceeding was granted, and he was permitted to assert his claim of permanent resident status by reason of his entry into Guam in 1950.

The Immigration Law Judge ruled that Quijencio had acquired lawful permanent resident status under 8 C.F.R. § 4.2(j), *supra* note 1, but that he had abandoned such status by his prolonged absence. The Board of Immigration Appeals questioned the conclusion that permanent resident status had been acquired, but upheld the judge's decision on the basis that the prolonged absence necessarily vitiated any such status Quijencio may have acquired.

■ We are clear that Quijencio has failed to establish his entitlement to the presumption of lawful admission for permanent residence provided by § 4.2(j), *supra*. By the very terms of that regulation, the presumption is available solely to "[a]n alien who establishes that he was admitted to Guam prior to December 24, 1952 . . . other than as a contract laborer . . . ." Though Quijencio's job-performance subsequent to his admission to Guam evinces dedication, integrity, and general competency resulting in his promotion to positions requiring mental and supervisory skills, he has failed to make the requisite showing. His own testimony indicates that he was admitted to Guam as a "contract laborer" within the meaning of the regulation; whether a given individual falls within the "contract laborer" exception must be judged by the circumstances existing at the time of admission, not by circumstances which thereafter develop. *Compare Matter of L___*, 9 I. & N. Dec. 82, 83 (1960), controlling here, *with Matter of C___Y___L___*, 8 I. & N. Dec. 371 (1959).

AFFIRMED.

\* \* \* \* \* \*

"(j) *Aliens admitted to Guam.* (1) An alien who establishes that he was admitted to Guam prior to December 24, 1952, by records, such as Service records subsequent to June 15, 1952, records of the Guamanian Immigration Service, records of the Navy or Air Force, or records of contractors of those agencies, other than as a contract laborer, was not otherwise excludable under the act of February 5, 1917, as amended, and who continued to reside in Guam until December 24, 1952, regardless of the period of time for which admitted."

---

1. That regulation, which was subsequently amended and incorporated in 8 C.F.R. § 101.1(i) (1958), provided as follows:
   "§ 4.2 *Presumption of lawful admission.* An alien of any of the following-described classes shall be presumed to have been lawfully admitted for permanent residence within the meaning of the Immigration and Nationality Act (even though no record of his admission can be found, except as otherwise provided in this part) unless the alien abandoned his status as a lawful permanent resident, or lost such status by operation of law, at some time subsequent to such admission: